1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| DARVELL LA'RICK POWELL,<br>CDCR #F-78156,<br><br>                                   Plaintiff,<br><br><br>                         vs.<br><br><br><br>ALMAGER, Warden, et al.,<br><br><br><br>                                   Defendant. | Civil No.    08cv0358 J (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) [Doc. No. 2]** |

23
24
25
26
27
28

        Plaintiff, an inmate currently incarcerated at Centinela State Prison located in Imperial, California and proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [doc. no. 2].

1    **I.    Motion to Proceed IFP**

2         All parties instituting any civil action, suit or proceeding in a district court of the United

3    States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

4    U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only

5    if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

6    *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,

7    remain obligated to pay the entire fee in installments, regardless of whether the action is

8    ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

9         Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

10   prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

11   statement (or institutional equivalent) for the prisoner for the six-month period immediately

12   preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

13   statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

14   in the account for the past six months, or (b) the average monthly balance in the account for the

15   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

16   § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

17   collect subsequent payments, assessed at 20% of the preceding month's income, in any month

18   in which the prisoner's account exceeds $10, and forward those payments to the Court until the

19   entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

20        The Court finds that Plaintiff has attached a certified copy of his trust account statement

21   pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement

22   shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. §

23   1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

24   action or appealing a civil action or criminal judgment for the reason that the prisoner has no

25   assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

26   (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

27   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

28   payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [doc.

no. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

   **A.    Standard of Review**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

5    1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

6    *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

7    important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

8    giving liberal interpretation to a pro se civil rights complaint, however, the court may not

9    "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*

10   *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11          As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

12   under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a

13   claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

14   (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

15   Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.

16   637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

17   (en banc).

18          In his Complaint, Plaintiff is seeking money damages for the alleged error in computing

19   the length of his criminal sentence which he claims violated his right to due process under the

20   Fourteenth Amendment.  (*See* Compl. at 3-4.)  Plaintiff alleges that he should have been given

21   "preprison credit" which would have reduced the amount of his criminal sentence.  (*Id.*)

22   However, a suit for damages under 42 U.S.C. § 1983 based on alleged due process violations

23   amounts to an attack on the validity of Plaintiff's prison sentence relating to his underlying

24   criminal conviction, and as such, will not be cognizable under 42 U.S.C. § 1983 unless Plaintiff

25   is able to show that his prison sentence has already been invalidated.  *Heck v. Humphrey*, 512

26   U.S. 477, 486-87 (1994).

27   ////

28   ////

1    In *Heck*, the Supreme Court held that "in order to recover damages for allegedly

2   unconstitutional conviction or imprisonment, or for other harm caused by actions whose

3   unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

4   that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

5   declared invalid by a state tribunal authorized to make such determination, or called into

6   question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  A civil rights

7   claim challenging the legality of a conviction or the length of confinement that has not been so

8   invalidated is not cognizable under § 1983.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643

9   (1997).

10    *Heck* held that "when a state prisoner seeks damages in a section 1983 suit, the district

11   court must consider whether a judgment in favor of the plaintiff would necessarily imply the

12   invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

13   plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the

14   district court determines that the plaintiff's action, even if successful, will *not* demonstrate the

15   invalidity of any outstanding criminal judgment against the plaintiff, the action should be

16   allowed to proceed." *Heck*, 512 U.S. at 487 (emphasis in original).  An action that is barred by

17   *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for

18   damages after the underlying conviction has been invalidated.  *Edwards*, 520 U.S. at 649;

19   *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

20    If Plaintiff were to succeed on his claims that his due process rights were violated, he

21   would necessarily call into question the validity of his sentence and continuing incarceration.

22   Plaintiff has not alleged that he has had his criminal sentence declared invalid as required by

23   *Heck*.  Therefore, his Complaint fails to state a claim upon which relief may be granted, and this

24   action is subject to dismissal without prejudice.[1]  *Heck*, 512 U.S. at 486-87.

25   ////

26   ////

27

28       [1] The Court will not convert the present action into a habeas petition due to the implications of
the abuse of the writ doctrine.  *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble*, 49
F.3d at 586.

1    **III.    Conclusion and Order**

2          Good cause appearing, **IT IS HEREBY ORDERED** that:

3          (1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

4          (2)    The Secretary of California Department of Corrections and Rehabilitation, or his

5    designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

6    fee owed in this case by collecting monthly payments from the trust account in an amount equal

7    to twenty percent (20%) of the preceding month's income credited to the account and forward

8    payments to the Clerk of the Court each time the amount in the account exceeds $10 in

9    accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

10   IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

11         (3)    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

12   Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

13   Sacramento, California, 94283-0001.

14         **IT IS FURTHER ORDERED** that:

15         (4)    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

16   upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

17   However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed in

18   which to file a First Amended Complaint which cures all the deficiencies of pleading noted

19   above.   Plaintiff's Amended Complaint must be complete in itself without reference to his

20   original pleading.   *See* S. D. CAL. CIVLR. 15.1.   Any Defendant not named and any claim not

21   re-alleged in his Amended Complaint will be considered waived.   *See King v. Atiyeh*, 814 F.2d

22   565, 567 (9th Cir. 1987).   Further, if Plaintiff's Amended Complaint still fails to state a claim

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  upon which relief may be granted, he is hereby cautioned that this action will be dismissed sua

2  sponte without further leave to amend and may hereafter be counted as a "strike" against him

3  pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

4

5  DATED:  June 20, 2008

6  _____

7  HON. NAPOLEON A. JONES, JR.
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28